IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PATRICK DAVIS | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv146 |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Patrick Davis, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges convictions for burglary of a habitation and aggravated assault with a deadly weapon.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The Magistrate Judge recommends that petitioner's first, second and fifth grounds for review, which relate to petitioner's pleas of guilty and placement on deferred adjudication probation, be dismissed as barred by the applicable statute of limitations, and that the remaining grounds for review be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

*Grounds for Review Relating to Pleas of Guilty and Placement on Deferred Adjudication*

With respect to the grounds for review relating to petitioner's pleas of guilty and placement on deferred adjudication probation, the Magistrate Judge found that the period of limitations with respect to these grounds for review began to run on December 20, 2008, when petitioner's placement of deferred adjudication probation became final, and expired one year later, on December 20, 2009.

As the current petition was filed almost five years later, review of these ground for review is barred by the one-year statute of limitations.

In his objections, petitioner contends the period of limitations did not begin to run on December 20, 2008, because placement on deferred adjudication probation is not a final judgment for the purposes of 28 U.S.C. § 2244(d)(1)(A). However, the United States Court of Appeals for the Fifth Circuit has held that an order placing a defendant on deferred adjudication probation is a separate, final judgment for the purposes of Section 2244(d)(1)(A). *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). As a result, the Magistrate Judge correctly concluded the grounds for review relating to petitioner's pleas of guilty and placement on deferred adjudication probation are barred by the applicable statute of limitations.

*Insufficient Evidence*

Petitioner contends there was insufficient evidence to support the trial court's finding that he violated the terms of his probation. The prosecution alleged petitioner committed nine violations of the terms of his probation. Petitioner entered a plea of true to one of the allegations. The trial court determined petitioner had committed eight of the nine alleged violations.

The Magistrate Judge observed that pursuant to Texas law, a single violation of a condition of probation is sufficient to warrant revocation. Petitioner was accused of operating a motor vehicle without the consent of its owner. The Magistrate Judge found that based on the testimony of Tonya Hall, the owner of the vehicle, a reasonable finder of fact could have concluded by a preponderance of the evidence that petitioner operated Ms. Hall's motor vehicle without her consent.

In his objections, petitioner states that except for the allegation he entered a plea of true to, the allegations against him were false. He states there was insufficient evidence to support the trial court's findings.

The Magistrate Judge correctly stated that as a single violation of a condition of probation is sufficient to warrant revocation, the remaining allegations against a petitioner need not be considered so long as there is sufficient evidence to support a finding that one of the allegations was

true. Based on the testimony of Ms. Hall as described in the Report and Recommendation, a reasonable finder of fact could have found by a preponderance of the evidence that petitioner operated Ms. Hall's vehicle without her consent. While petitioner presented evidence he had previously purchased the vehicle from Ms. Hall, the determination of whether such evidence was credible was for the finder of fact rather than this court. *United States v. Garcia*, 995 F.2d 556, 561 (5th Cir. 1993). This ground for review is therefore without merit.

*Use of Perjured Testimony*

Petitioner states the prosecution was aware his probation officer and Ms. Hall gave false testimony at the revocation hearing. The Magistrate Judge concluded this ground for review was without merit because petitioner submitted no evidence indicting the prosecution knew the testimony was false, but nonetheless permitted it to go unchallenged.[1]

Petitioner objects, stating that the actions of witnesses called by the state is imputed to the prosecution. Petitioner also presents reasons in support of his contention that the testimony of the probation officer and Ms. Hall was false. However, he makes no attempt to show that the prosecution knew their testimony was false. As a result, the court agrees with the Magistrate Judge's conclusion concerning this ground for review.

*Ineffective Assistance of Counsel*

Petitioner asserts two ways counsel was ineffective with respect to his revocation proceeding. First, petitioner states counsel was ineffective for advising him to plead true to the allegation that he did not report to his probation officer in February or March, 2009. He states that if counsel had attempted to subpoena the entire probation record, counsel could have impeached perjured testimony indicating petitioner did not report to his probation officer at all in February and March, 2009.

Initially, the Magistrate Judge, citing an exchange between the trial court and defense counsel, stated petitioner actually only pled true to the allegation that he did not report to his

---

[1] The prosecution violates the Due Process Clause when it permits material testimony that it knows to be false to go unchallenged. *Creel v. Johnson*, 162 F.3d 385, 291 (5th Cir. 1998).

probation officer in February, 2009. He then observed that petitioner acknowledged in his testimony that he did not report in February. The Magistrate Judge stated that as petitioner's own testimony established that the allegation regarding February was true, counsel could have reasonably concluded pleading true to the allegation would have increased the credibility of the defense with the court. Counsel's performance therefore did not fall below an objective standard of reasonableness. In addition, as petitioner admitted not reporting in February, his plea of true did not result in any prejudice.[2]

Petitioner states counsel should have known that a plea of true to any of the allegations would have been sufficient to enable the court to revoke his placement on probation. He states the record shows that he reported to his probation officer on the second Wednesday of February.[3]

Petitioner correctly states that a finding of true to any of the allegations would have been sufficient to permit the court to revoke his placement on probation. However, the court would not have been required to order revocation. The Magistrate Judge correctly stated that counsel could have reasonably concluded he would have been in better to position to argue against revocation if petitioner pled true to an allegation to which there was no defense. Moreover, petitioner's statement that the record shows he reported to his probation officer on the second Wednesday of February is incorrect. Petitioner acknowledged during his testimony the allegation that he did not report to his probation officer in February was true. Reporter's Record, Vol. 2 at 115-16.

Petitioner also contends counsel's performance at the revocation hearing was deficient because he did not call Ms. Hall's daughter, Ms. Ainsworth, Ms. Thompson, Ty McCarty and Deputy Sheriff Ben Curtis to testify on his behalf. The Magistrate Judge concluded that as petitioner had not shown any of these individuals would have been willing and available to testify at the

---

[2] To establish he received ineffective assistance of counsel, a petitioner must show: (a) counsel's performance fell below an objective standard of reasonableness and (b) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] Under the terms of his placement on community supervision, petitioner was required to report to his probation officer in person on the first and third Wednesday of each month. Clerk's Record at 171.

revocation hearing, the ground for review was without merit.[4]

In his objections, petitioner explains why each of the individuals he identified could have provided testimony that would have assisted his defense and states counsel should have called them to testify. However, he makes no attempt to demonstrate that any of the individuals would have been willing and available to testify at the hearing. In addition, as the Magistrate Judge observed, petitioner has provided no evidence supporting his contentions as to what testimony they would have provided. Petitioner has therefore failed to satisfy the standard applicable to claims of ineffectiveness based on uncalled witnesses.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability concerning his petition. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the

---

[4] To establish ineffective assistance based upon counsel' failure to call a witness, a petitioner must identify the witness, demonstrate the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show why the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F.3d 527, 529 (5th Cir. 2009).

petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised by his petition are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **26** day of **September, 2017.**

_____
Ron Clark, United States District Judge